UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7739 PA (PJWx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Al McZeal, et al. v. JP Morgan Chase Bank, NA, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | | |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

The Court is in receipt of a putative Class Action Complaint filed by plaintiffs Al McZeal and twenty other named plaintiffs ("Plaintiffs"). The Complaint alleges twenty-one claims on behalf of the plaintiffs themselves and those similarly situated against forty defendants, including ten national banking organizations, seven law firms, thirteen other corporate entities, seven attorneys, two non-attorney individuals, and one not-for-profit organization ("Defendants"). The named plaintiffs have appeared in this action pro se and seek to represent a class for four of the twenty-one claims.

The four class claims are for: (1) conspiracy to violate the Racketeer Influenced Corrupt Organization ("RICO") Act, 18 U.S.C § 1961 et seq.; (2) conspiracy to violate the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (3) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and (4) securities fraud under the Securities Act of 1933, 15 U.S.C. § 77a et seq.

The Complaint alleges additional claims, including breach of contract, tortious interference with contract, civil rights violations, trespass, breach of duty of good faith and fair dealing, and deceptive trade practices, and seeks declaratory and injunctive relief. In total, Plaintiffs seek 246 billion dollars in damages.

Under Federal Rule of Civil Procedure 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Accordingly, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." Flymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotations and citations omitted); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well-established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Because non-lawyer class representatives cannot appear pro se, the Court orders Plaintiffs to show cause in writing, no later than November 14, 2011, why the class action allegations should not be dismissed.

Plaintiffs are ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within seven (7) court days of the date of this Order or at the time of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7739 PA (PJWx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Al McZeal, et al. v. JP Morgan Chase Bank, NA, et al. | | |

service for any defendant that has not already been served.

    IT IS SO ORDERED.